UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA GRIFFIN<br>**Plaintiff**<br><br>v.<br><br>CREDIT CONTROL, LLC<br>**Defendant** | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL<br>CLAIMED<br><br>FEBRUARY 5, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for pendent Connecticut law violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, and for intentional infliction of emotional distress.

### II. PARTIES

2. The plaintiff, Sandra Griffin, is a natural person residing in New Britain, CT.

3. Defendant Credit Control, LLC ("Credit Control") is a Missouri corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Credit Control because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff owed a personal credit card related debt to Bank of America.

8. Bank of America subsequently assigned the debt to Credit Control for collection purposes.

9. On or around January 11, 2010 Credit Control called and spoke with Plaintiff, and during that conversation, Credit Control told her that the creditor was getting tired of waiting for her to make a payment and was getting ready to take her house.

## V. COUNT ONE

### Fair Debt Collection Practices Act

10. Plaintiff incorporates Paragraphs 1-9.

11. Creditors violated the FDCPA by deceptively misrepresenting to Plaintiff that she was about to lose her house.

## VI. COUNT TWO

### Intentional Infliction of Emotional Distress

12. Plaintiff incorporates Paragraphs 1-9.

13. Credit Control knew, or reasonably should have known, that its conduct would likely cause emotional distress to Plaintiff.

14. Credit Control's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

15. Credit Control's actions were willful, wanton and malicious, in that they intended to cause Plaintiff distress to induce Plaintiff to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

### VII. COUNT THREE
### Connecticut Unfair Trade Practices Act

16. Plaintiff incorporates Paragraphs 1-9.

17. Credit Control violated CUTPA by its debt collection activities described above.

18. Plaintiff suffered an ascertainable loss as a result of Credit Control's collection activities described above.

19. Credit Control's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

WHEREFORE, the Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; Actual damages (including emotional distress damages), statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, SANDRA GRIFFIN**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457